IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy Lamont Lott, ) | |
| ) | Cr. No. 5:08-944 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Tommy Lamont Lott was indicted on September 17, 2008 and charged, along with a number of co-defendants, with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One). A superseding indictment was filed on October 23, 2008, that charged Movant with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), and added a forfeiture provision. On January 21, 2009, a second superseding indictment was filed. In the second superseding indictment, Movant was charged with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); and use of a communication facility to facilitate the commission of a felony and aiding and abetting, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Count 30).

Respondent United States of America filed an Information pursuant to 21 U.S.C. § 851(a) on February 3, 2009, notifying Movant that he was subject to increased penalties based upon a prior felony drug convictions in Orangeburg County, South Carolina on December 3, 2000. On February 18, 2009, a third superseding indictment was filed in which Movant again was charged with

conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); and use of a communication facility to facilitate the commission of a felony and aiding and abetting, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Count 30).

Movant and five co-defendants proceeded to trial on December 4, 2009. On December 15, 2009, a jury found Movant guilty as charged in Counts 1 and 30. On June 7, 2010, the United States Probation Office (USPO) prepared a presentence investigation report (PSR) utilizing the 2009 edition of the United States Sentencing Commission Guidelines Manual. The USPO attributed to Movant 5,000 grams of cocaine and 523.9 grams of cocaine base, for a total marijuana equivalent of 11,478 kilograms (5,000 gm X 200 gm and 523.9 gm X 20 kilograms). Movant was determined to have one criminal history point, for a criminal history category of I. Movant's base offense level was 34. He received no enhancement or reductions; accordingly, his total offense level was 34. Movant's guideline range was determined to be 151-188 months. However, because of Movant's prior felony drug offense, his guideline range became 240 months as to Count 1. See 21 U.S.C. § 841(b)(1)(A) and U.S.S.G. § 5C1.1(f). The minimum mandatory sentence as to Count 30 was forty-eight months. See 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

The USPO prepared a PSR on November 19, 2010 using the 2010 edition of the United States Sentencing Commission Guidelines Manual. The USPO attributed to Movant 5,000 grams of cocaine and 532.9 grams of cocaine base, for a total marijuana equivalent of 2,870.84 kilograms (5,000 gm X 200 gm and 523.9 gm X 3,571 gm). As in the previous PSR, Movant was determined to have one criminal history point, for a criminal history category of I. Movant's base offense level was 32. He received no enhancement or reductions; accordingly, his total offense level was 32.

Movant's guideline range was reduced to 121-151 months. However, because of Movant's prior felony drug offense, his guideline range became 240 months as to Count 1. See 21 U.S.C. § 841(b)(1)(A) and U.S.S.G. § 5C1.1(f). The minimum mandatory sentence as to Count 30 was four years.

Movant appeared for sentencing on November 22, 2010. After considering argument by the parties, the court determined that Movant was eligible for the safety valve as set forth in U.S.S.G. § 5C1.2, and therefore could be sentenced without regard to a statutory mandatory minimum. See ECF No. 1837, 36. The court then concluded that the total offense level would be 30, and that the guidelines range would become 97 to 121 months. Id. at 41. Movant's trial counsel asked the court to consider as low a sentence as possible within the 97 to 121 month range. Id. at 42. In response, the Assistant United States Attorney argued in favor of the high end of the 97 to 121 month guidelines range in light of Movant's conduct in the case, the fact that he put the government to its burden of proof at trial, and based on the evidence provided against Movant at trial. Id. at 43-44. The court took all these factors into consideration and sentenced Movant at the high end of the guidelines range, i.e., 121 months imprisonment as to Count 1. The court further sentenced Movant to 48 months imprisonment as to Count 30, to be served concurrently. Id. at 44. Judgment was entered on November 30, 2010.

On November 21, 2011, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Movant contends that he did not receive the benefit of the Fair Sentencing Act of 2010, which was enacted by Congress on August 3, 2010.
Respondent United States of America filed a motion for summary judgment and response in opposition to Movant's § 2255 motion on December 16, 2011. By order filed December 16, 2011,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a reply to Respondent's response in opposition as well as a response in opposition to Respondent's motion for summary judgment on January 17, 2012.

## DISCUSSION

The Fair Sentencing Act of 2010, which was approved on August 3, 2010 narrowed the disparity between sentences for defendants convicted of cocaine offenses and those convicted of offenses involving cocaine base. As such, the quantity threshold required to trigger the 120 month mandatory minimum term of imprisonment (240 months if the defendant has a prior felony drug offense) was increased from 50 grams to 280 grams. The Fair Sentencing Act of 2010 directed the United States Sentencing Commission to promulgate "the guidelines, policy statements, or amendments provided for in this Act as soon as practicable[.]" Pub. L. No. 222-220, 124 Stat. 2372. Accordingly, the Sentencing Commission issued Amendment 750, which assigned a base offense level of 26 to offenses involving 28 grams or more of cocaine base, offense involving 280 grams or more of cocaine base a base offense level of 32, and so forth. Further, the Sentencing Commission revised the marijuana equivalency tables for cocaine base such that one gram of cocaine base became equivalent to 3,571 grams of marijuana. See Amendment 750, Reason for Amendment (currently found at United States Sentencing Commission Guidelines Manual, App'x C - Volume III (Nov. 1, 2011)). Amendment 750 became effective on November 1, 2010.

As discussed hereinabove, a review of the PSR indicates that, at the time of sentencing, Movant's guidelines range was calculated using the 2010 edition of the United States Sentencing Commission Guidelines Manual. The 2010 edition incorporated the provisions of Amendment 750

and assigned to Movant a base offense level based on revised calculations. Specifically, Movant's total offense level was reduced from 34 to 32. Movant's offense level subsequently was reduced to 30 when the court gave Movant the benefit of the safety valve provision. As noted, Movant's guidelines range became 97 to 121 months incarceration. At sentencing, the court made a determination to sentence Movant at the high end of the guidelines range, that being 121 months imprisonment as to Count 1. Movant's contention that he did not receive the benefit of the Fair Sentencing Act of 2010 is without merit.

## CONCLUSION

For the reasons stated, Respondent's motion for summary judgment (ECF No. 1698) is **granted**. Movant's § 2255 motion (ECF No. 1692) is **denied and dismissed**, with prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 7, 2014

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**